JAMES F. CLAPP (145814)
jclapp@sdlaw.com
MARITA MURPHY LAUINGER (199242)
mlauinger@sdlaw.com
ZACH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California 92122-1253
Tel: 858-623-4200
Fax: 858-623-4299

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CYRUS AHMAD EBRAHIMI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WEST ASSET MANAGEMENT, INC.<br><br>Defendant. | CASE NO. SACV09-01109 CJC (SHx)<br><br>**CLASS ACTION SETTLEMENT AGREEMENT** |

James F. Clapp (CSBN 145814)
Zach P. Dostart (CSBN 255071)
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Dr., Ste. 970
San Diego, CA 92122
Tel: 858/623-4200
Fax: 858/623-4299
jclapp@sdlaw.com
zdostart@sdlaw.com

Attorneys for Plaintiff

David Israel (LSBN 7174)
*Admitted pro hac vice*
Bryan C. Shartle (LSBN 27640)
*Admitted pro hac vice*
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002
Tel: 504/828-3700
Fax: 504/828-3737
disrael@sessions-law.biz
bshartle@sessions-law.biz

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CYRUS AHMAD EBRAHIMI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>WEST ASSET MANAGEMENT, INC.,<br><br>Defendant. | Case No. 8:09-cv-01109-CJC-SH<br><br>**CLASS ACTION SETTLEMENT AGREEMENT** |

This Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), dated January 12, 2011, is entered into between Cyrus Ahmad Ebrahimi (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Class Members" (as defined below), and defendant, West Asset Management, Inc. (hereinafter referred to as "West"). This Agreement is intended by West and Plaintiff, on behalf of himself and the Class Members, (hereinafter collectively referred to as the "Parties"), to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below), upon and subject to the terms and conditions contained herein.

WITNESSETH:

WHEREAS, the Parties agree upon the following predicate procedural history and facts:

1. On September 25, 2009, Plaintiff filed a class action complaint (hereinafter referred to as the "Lawsuit") against West, asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*, and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* According to Plaintiff, West violated the FDCPA, RFDCPA, and UCL by improperly charging and collecting a $12.50 "convenience fee" from him to make a payment by telephone on his medical debt.

2. In an attempt to settle the Lawsuit, mediation was held on October 13, 2010, before the Hon. Herbert B. Hoffman, California Superior Court Judge (Ret.). As a result of the mediation, a settlement in principle was reached, with the settlement terms confirmed and accepted on October 27, 2010. The purpose of this Agreement is to memorialize the final and complete settlement reached between the Parties.

3. The Parties believe that settlement by way of this Agreement is in his/its best interest. Counsel for the Class Members believe, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement to the Class Members, that the class settlement as provided in this Agreement is in the best interest of the Class Members and is a fair, reasonable, and adequate resolution of the Lawsuit.

4. Pursuant to this Agreement, the Parties desire and intend to settle and resolve the "Released Claims" (as defined below) as to the "Released Parties" (as defined below) on a class basis.

5. Pursuant to this Agreement, the Parties desire and intend to seek certification of the following Fed. R. Civ. P. 23(b)(3) settlement classes:

    A. <u>California Class</u>. The California Class consists of all natural persons who (i) incurred an alleged debt for personal, family, or household purposes; (ii) whose alleged debt was referred to West for collection; and (iii) who, while

residing in California between September 25, 2005 and March 31, 2010, paid a convenience fee to West.

B. <u>National Class</u>. The National Class consists of all natural persons who (i) incurred an alleged debt for personal, family, or household purposes; (ii) whose alleged debt was referred to West for collection; and (iii) who, while residing anywhere in the United States, except California, between September 25, 2008 and March 31, 2010, paid a convenience fee to West.

6. Members of the California Class and members of the National Class (hereinafter referred to collectively as "Class Members") shall receive written notice of the class settlement. All Class Members who make a timely claim will be entitled to receive a settlement payment of up to $10.

7. The Parties desire and intend to seek court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon court approval, to seek a Final Order and Judgment from the Court dismissing with prejudice the claims of the Class Members as set forth herein. The Parties and their counsel agree to recommend approval of this Agreement to the Court. The Parties also agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, to oppose any objections to the proposed settlement, and to oppose any appeals from any orders of final approval.

WHEREFORE, in consideration of the promises, representations, and

warranties set forth, the Parties stipulate and agree:

1. DEFINITIONS – The following definitions shall apply to this Agreement:

    A. "California Class" shall mean all natural persons who (i) incurred an alleged debt for personal, family, or household purposes; (ii) whose alleged debt was referred to West for collection; and (iii) who, while residing in California between September 25, 2005 and March 31, 2010, paid a convenience fee to West.

    B. "National Class" shall mean all natural persons who (i) incurred an alleged debt for personal, family, or household purposes; (ii) whose alleged debt was referred to West for collection; and (iii) who, while residing anywhere in the United States, except California, between September 25, 2008 and March 31, 2010, paid a convenience fee to West.

    C. "Class Members" shall refer to members of the California Class and members of the National Class collectively.

    D. "Effective Date" shall mean the first date after "Final Judgment Day" (as defined below).

    E. "Final Judgment Day" shall mean the day upon which the Final Order and Judgment becomes "Final." The Final Order and Judgment shall become "Final" 30 days after entry of the Final Order and Judgment. If any appeal is filed from the Final Order and Judgment, then Final Judgment Day shall be the first date after the conclusion of all appeals, so long as the Final Order and Judgment is not

reversed or vacated.

F. "Released Claims" shall mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law (including the FDCPA), state law (including the RFDCPA and UCL), common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), which Plaintiff or a Class Member has arising out of, based upon, or in any way relating to the class claims asserted against West in the Lawsuit, including any and all claims in any way relating to West charging, attempting to charge, and/or collecting a convenience fee not expressly authorized by the agreement creating the debt or permitted by law.

G. "Released Parties" shall mean West and each of its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated company or entity directly or indirectly involved in the conduct giving rise to the claims against West in the Lawsuit, including any parent, subsidiary, predecessor, or successor company of West, and all assigns, licensees, divisions, clients, joint ventures, and all of their subsidiary entities, and any other related

West entity.

2. <u>CLASS CERTIFICATION</u> – Concurrent with seeking preliminary approval of the settlement, counsel for the Parties shall jointly seek certification, per Fed. R. Civ. P. 23(b)(3), of a class as defined above in ¶¶ 1(A) and (B).

3. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – For settlement purposes, and subject to Court approval, Plaintiff is appointed as the Class Representative for the Class Members and James F. Clapp, Esq. and Zach P. Dostart, Esq., both of Dostart Clapp & Coveney, LLP, are appointed as counsel for the Class Members (hereinafter referred to as "Class Counsel").

4. <u>ORDER OF PRELIMINARY APPROVAL</u> – Within 10 business days after this Agreement is fully executed, counsel for the Parties shall jointly request that the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as **Exhibit A**.

5. <u>FINAL ORDER AND JUDGMENT</u> – If the settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, counsel for the Parties shall jointly request that the Court enter a Final Order and Judgment in substantially the form attached as **Exhibit B**.

6. Upon entry of the Final Order and Judgment, the Parties expressly waive any and all rights to appeal any orders issued by the Court in connection with the Lawsuit, except issues concerning attorneys' fees, costs, and expenses pursuant to

¶¶ 26 to 28 of this Agreement.

7.  Plaintiff and Class Counsel agree that the execution of this Agreement, or any related documents, the certification of the class, and any other act taken or court paper filed in furtherance of this Agreement shall not be used to urge that a "litigation class" pursuant to Fed. R. Civ. P. 23 is appropriate in this case. In the event this settlement is not approved, West retains any and all rights to object to the maintenance of this action, or any other action, as a class action and to contest this action, or any other action, on any other grounds.

8.  SETTLEMENT FUND – West shall establish a $500,000 settlement fund in a separate, interest-bearing bank account (hereinafter referred to as the "Settlement Fund"), which shall represent its total settlement liability. The Settlement Fund shall be used to pay Class Member claims, settlement administration fees and costs (including postage costs), and Class Counsel's attorney's fees, costs, and expenses. West shall not bear any liability for any fee, cost, or expense relating to the Lawsuit in excess of the Settlement Fund.

9.  ADMINISTRATION AND NOTIFICATION PROCESS – Plaintiff shall oversee the administration of the settlement and the notification to Class Members by a third-party administrator mutually selected by the Parties. The fees and costs of the third-party administrator, including postage costs, shall be paid from the Settlement Fund.

10. The third-party administrator shall, no later than 20 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, provide notice of the settlement to the Class Members as follows:

    A.   <u>Written Notice</u> – West shall provide the third-party administrator with the names and addresses of the Class Members in an Excel Database ("Database") no later than 10 days after entry of the Order of Preliminary Approval of Class Action Settlement. Before sending the third-party administrator the Database, West shall update through First Data or Lexis-Nexis the last known address for each Class Member. The third-party administrator shall send via U.S. mail a written notice of the settlement to each Class Member (hereinafter "Class Notice"). The notice shall be in substantially the form attached as **Exhibit C**. With respect to any Class Notices that are returned as undeliverable, the third-party administrator may perform additional address searches and follow-up mailings as instructed by Plaintiff, provided that the costs of those procedures are paid from the Settlement Fund. West's obligations per this paragraph will be considered fulfilled upon the mailing of the notice, regardless of whether any notice is returned to the third-party administrator as undelivered or for any other reason.

    B.   <u>Claim Form</u> – As further described in ¶ 22(B) below, West shall send the Class Notice to each Class Member along with a claim form for participation in the Settlement Fund (hereinafter referred to as the "Claim Form"). The Claim

Form shall be in substantially the form attached as **Exhibit D**.

11. **REQUESTS FOR EXCLUSION AND OBJECTIONS** – Class Counsel and counsel for West shall oversee the administration, by a third party claims administrator, of the receipt of any and all requests for exclusion and objections.

12. Any Class Member who desires to be excluded from the class must send a written request for exclusion to Class Counsel and counsel for West with a postmark date no later than 50 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement.

13. In the written request for exclusion, the Class Member must set forth his or her full name, address, and telephone number, along with a statement that he or she wishes to be excluded.

14. Any Class Member who submits a valid and timely request for exclusion shall not receive any share of the Settlement Fund and shall not be bound by the terms of this Agreement.

15. Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court no later than 14 days before the final fairness hearing. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for West.

16. In the written objection, the Class Member must set forth his or her full

name, address, and telephone number, along with a statement of the reasons for his or her objection and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.

17. Any Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

18. Subject to approval by the Court, a fairness hearing will be conducted regarding the settlement within 120 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement.

19. THE EFFECTIVE DATE – As defined in ¶ 1(D), the "Effective Date" shall be the first date after Final Judgment Day.

20. RELEASES – As of the Effective Date, Plaintiff and the Class Members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims, and are forever barred from asserting any of the Released Claims in any court or forum whatsoever against any of the Released Parties.

21. Upon execution of this Agreement, Plaintiff fully, finally, and forever settles, releases, and discharges the Released Parties from any remaining claims that he may have against the Released Parties.

22. SETTLEMENT CONSIDERATION – In consideration for the foregoing releases, the Parties agree to the following:

A. <u>Class Representative Incentive Payment</u> – Within 10 business days after Final Judgment Day, West shall pay Plaintiff a total of $5,000 in recognition of his service as the Class Representative and in full settlement of all claims he has or may have against West.

B. <u>Settlement Payments</u> – Each Class Member who does not timely exclude himself or herself from the class and whose completed Claim Form is returned to the third-party administrator with a postmark date no later than 50 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement shall be entitled to receive a settlement check from the Settlement Fund. The settlement check shall be in the amount of $10, *unless* the aggregate amount to be paid to Class Members making a timely claim exceeds whatever remains in the Settlement Fund after deducting the settlement administration fees and costs (including postage costs) and Class Counsel's attorney's fees, costs, and expenses; under this circumstance, West shall pay a pro rata share of whatever remains in the Settlement Fund after making the referenced deductions to each such Class Member. The third-party claims administrator shall be responsible for calculating the amounts of the above-referenced payments and shall provide those calculations to West and to Plaintiff. The settlement checks shall be sent via U.S. mail no later than 30 days after Final Judgment Day. West's obligations per this paragraph will be considered fulfilled upon the mailing of the settlement checks, regardless of

whether any settlement check is received, returned, or cashed. Each settlement check will be negotiable for a minimum of 120 days after it is issued. Any funds from returned or un-cashed settlement checks shall be included in the *cy pres* award described in ¶ 22(C) below.

  C. *Cy Pres* Award – If there are any funds remaining in the Settlement Fund after paying timely claims, administration fees and costs, and Class Counsel's attorney's fees, costs, and expenses, then such remaining funds (along with any funds relating to returned or un-cashed settlement checks) shall be paid to one or more *cy pres* recipients selected by Class Counsel, subject to West approval and ultimate court approval. The Parties agree the *cy pres* recipient cannot sue debt collectors, or assist consumers in suing debt collectors. The *cy pres* award shall be made no later than 150 days after Final Judgment Day.

23. COVENANT NOT TO SUE – Plaintiff agrees and covenants, and each Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise voluntarily assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

24. TERMINATION – After completing a good faith negotiation, Class Counsel and West shall each have the right to terminate this Agreement by providing written notice to the other within 7 days of:

A. The Court's refusal to enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as Exhibit A;

B. The Court's refusal to approve the settlement following notice to the Class Members and the fairness hearing; or

C. The Court's refusal to enter a Final Order and Judgment in substantially the form attached as Exhibit B.

25. If either Class Counsel or West terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

26. ATTORNEYS' FEES, COSTS, AND EXPENSES – Class Counsel shall file an application for attorneys' fees in the amount of $125,000 and litigation expenses not to exceed $30,000. West will not object to the fee, cost, and expense application. Subject to Court approval, West agrees to and will pay, from the Settlement Fund, Class Counsel's attorneys' fees, costs, and expenses in an amount not to exceed $155,000, or such other lesser amount as approved by the Court. West or its insurer shall pay the attorneys' fees, costs, and expenses awarded by the Court within 30 days after the Court's order related to such fees, costs, and expenses becomes final (non-appealable).

27. Upon payment of attorneys' fees, costs, and expenses to Class Counsel,

neither West nor its insurer shall have any further obligation with respect to Class Counsel's fees, costs, or expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Class Member.

28. The Parties and their counsel represent and agree that the consideration to be provided to the Class Members is not contingent on the attorneys' fees to be awarded. The procedure for and the allowance or disallowance by the Court of any application by any Class Counsel member or other attorney for attorneys' fees, costs, or expenses, including the fees of experts and consultants, to be paid by West or its insurer, are not part of the settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceedings relating to the fee, cost, and expense application, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Order and Judgment approving this Agreement and the settlement of the Lawsuit.

29. PUBLICITY – The Parties and their counsel agree that they will not discuss the facts of the Lawsuit or terms of this Agreement with any media source, unless such information is contained in the public record of this case. Further, this limitation does not apply to any disclosures required by court order, or in conjunction with perfecting this settlement.

30.  MISCELLANEOUS PROVISIONS – Any exhibits to this Agreement are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

31.  This Agreement is for settlement purposes only. The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by West. This Agreement shall not be offered or be admissible against West, or cited or referred to, in any action or proceeding, except in an action or proceeding brought to enforce its terms.

32.  This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties. The terms of this Agreement are contractual.

33  This Agreement shall be interpreted in accordance with California law.

34.  Any dispute, challenge, or question relating to this Agreement shall be heard only by this Court.

35.  The Parties shall request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Class Members, and over the administration and enforcement of this Agreement.

36.  This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

37.  In the event that any of the provisions of this Agreement are held invalid or

unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if West and Class Counsel mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

38. This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

39. This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed as of the dates set forth below.

Dated: 3/17/11

_____
Cyrus Ahmad Ebrahimi

Dated: 1/14/11

_____
West Asset Management, Inc.
By:   Greg Hogenmiller
Vice President & Deputy General Counsel

Approved as to form and content:

Dated: 3/22/11

Dostart Clapp & Coveney, LLP

_____
James F. Clapp
Zach P. Dostart
Counsel for Plaintiff
Cyrus Ahmad Ebrahimi


Dated: 3/22/11

Sessions, Fishman, Nathan & Israel, L.L.C.

_____
David Israel
Bryan C. Shartle
Counsel for Defendant
West Asset Management, Inc.

\\sfnfs02\prolawdocs\29893\7969-25200\Ebrahimi, Cyrus Ahmad\323781.DOC

Class Action Settlement Agreement

19